Mr. Justice Thachek.
delivered the opinion of the court.
This is an appeal from a decree of the superior court of chancery, disallowing a motion to dissolve an injunction to stay an execution at law.
In 1836, Stevens sold to Beatly 1600 acres of land for $25,000. Upon this contract of sale, Beatty paid, in cash, $7000, and gave his four notes for the remainder of the purchase-money, and Stevens executed to Beatty a bond to make title, in a penalty of $50,000. The title was not to be made until the payment of the purchase-money. In 1837, Stevens assigned to Kelly & Co. one. of the above four notes, amounting to $5000. In 1838, Stevens conveyed the land absolutely to Beatty. In 1839, Parker recovered a judgment against Beatty for $13,983, and levied his execution upon the land in question, and the bill in this case was filed by Kelly & Co. to enjoin Parker from selling the land under his execution. A supplemental bill was likewise filed by Pollard, claiming to be an assignee of another of the notes, but it does not appear in evidence that this assignment was made anterior to the conveyance from Stevens to Beatty. It is shown, also, that in 1840, Beatty executed a conveyance of the land to Kelly & Co.
The questions to be decided are, whether Stevens had a lien upon the land for the purchase-money, and one prior to the lien of Parker, the judgment creditor of Beatty; and, whether the assignment of the note by Stevens to Kelly & Co., before his *191 execution of the deed of conveyance to Beatty, was a transfer of the lien to them, and thereby prevented the sale of the land by Parker, under his execution.
The leading principle governing a vendor’s lien has been recognized in the court in accordance with the settled doctrine upon that subject: The general rule is, that the vendor has a lien for the purchase-money. 15 Ves. 329; 5 Monr. 299; 7 Wheat. 49; 5 Humph. 569; 2 Green. Ch. (N. J.) 397. In Tanner v. Hicks et al. 4 S. & M. 300, it is laid down that the retention of title by the vendor upon a sale, is in effect the same thing with conveying the title and taking a security by mortgage; and, that the assignment of the debt due for the purchase-money invests the assignee with all the rights of the vendor. The same principle was reiterated in Terry et al. v. Woods et al. 6 S. & M. 149. Under these decisions, therefore, there can be no question either as to the efficacy or priority of Stevens’s lien upon the land, or of his right to transfer his lien in its full force by an assignment of the debt due for the purchase-money, or any portion of it, at any period before the date of his conveyance in fee to Beatty.
The remaining, and indeed real inquiry in the case is, whether the fact that Stevens made the conveyance of the lands to Beatty, but after his assignment of Beatty’s note to Kelly & Co., affected the lien already there vested by law in Kelly & Co.
It is a universal rule that a lien cannot be displaced but by some act of the party holding it, which shall postpone him, in a court of law or equity, to a subsequent claimant. It is clearly settled that any release by an assignor of his assignee’s claims, is a nullity. 9 Cow. 34; 3 Johns. 426. As has been seen, Kelly & Co., substituted for and holding the original attitude of Stevens, were, in point of law, mortgagees of the land, and it inevitably follows that their interests were no longer in the power of Stevens, nor could they become affected by any act of his. The conveyance by Stevens to Beatty passed an estate incumbered already by Beatty himself, and it was not within the capacity of Stevens to both receive the amount of *192 Beatty’s obligation to him upon the contract, and subsequently release Beatty from that obligation to him, at a time 'when the power to control it had passed out of his hands. Kelly & Co. had a prior equity, which must be protected on the authority of the case of Tanner v. Hicks, 4 S. & M. 294. But Parker recovered a judgment against Beatty, whilst the legal title was in Beatty. Parker’s judgment is therefore a lien on the legal estate, subject to Kelly & Co.’s equity, and he is of course entitled to the residue in preference to Stevens, if any interest remains in him, after Kelly & Co. are satisfied in the amount of their equity. As the matter is in equity, the rights of the parties can there be adjusted.
The decree of the chancellor is therefore affirmed, and the cause remanded for further proceedings.
Mr. Justice Clayton having been of counsel below, gave no opinion.